In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Rehabilitate the NEW YORK TITLE AND MORTGAGE COMPANY.

Supreme Court, New York County, March 20, 1935.

*Harry Rodwin* [*Adolph Kaufman* of counsel], for the Superintendent of Insurance, as rehabilitator of New York Title and Mortgage Company.

*Simpson, Thacher & Bartlett* [*H. E. Rickaby* of counsel], for the committee of certificate holders.

FRANKENTHALER, J. This is a Schackno proceeding for the reorganization of series N-81 of guaranteed mortgage certificates issued by the New York Title and Mortgage Company. The certificates represent participating interests in a single first mortgage on a sixteen-story elevator apartment at 32 to 42 West Seventy-seventh street, New York city. The proposed plan calls for the administration of the mortgage by a trustee and also for the extension and modification of the mortgage.

That portion of the plan which relates to the selection of a trustee and the terms of the declaration of trust pursuant to which the trustee is to act will be modified so as to make the same identical with the plan for series BX-19 as modified and approved by the court (154 Misc. 447). It is true that more than seventy-two per cent, in principal amount, of the certificate holders, have approved the proposed plan, which provides for the appointment of a trust company chosen by members of a certificate holders' committee. It is quite possible, however, that many of the consenting certificate holders would prefer a plan which permits them to elect a trustee of their own choosing. It may well be that their execution of consents to the proposed plan was due to the fact that they were faced with the alternative of either approving the plan submitted to them or else going without any plan at all. In the reorganization of series F-1, although about one-half of the certificate holders, in principal amount, were in favor of the appointment by the court of trustees of its own selection, with practically no dissent from any certificate holder, the court, nevertheless, refused to insert in the plan a provision for the judicial appointment of trustees, on the ground that such a provision would place the certificate holders in the position of either approving the plan with such a provision or else having no plan at all. For similar reasons, the court believes that the present plan should be modified so as to enable certificate holders to exercise their own free choice as to the method of selecting the trustee who is to administer their mortgage.

That part of the plan which relates to the extension and modification of the mortgage is approved with the following modifications:

(1) The sums withheld by the owner which were available for the payment of interest prior to October 1, 1934, should be applied to the payment of arrears of interest within five days from the service of a copy of the order to be entered hereon with notice of entry.

(2) The remittances made by the owner to the Superintendent of Insurance on and after June 8, 1934, are to be allocated to the payment of arrears at the rate provided for in the plan, despite any contrary allocation heretofore made by the Superintendent of Insurance.

(3) The provision for using amortization payments to purchase outstanding certificates through calls for tenders is to be eliminated and in its stead a provision is to be inserted for the ratable distribution of amortization payments to certificate holders in reduction of their certificates (the court believes the substituted provision to be fairer to certificate holders than the one which it replaces); and

(4) The reasonable expenses and counsel fees of the committee for the sponsoring certificate holders are to be paid by the owner to the extent that they relate to services in connection with the extension and modification of the mortgage as distinguished from services rendered in respect to those portions of the plan which call for the taking over of the mortgage by a trustee.

(5) The owner is to execute an assignment of rents to the trustee and to be appointed the agent for the trustee, without compensation other than that provided for in the plan, until and unless a default occurs in the performance of the extension and modification, in which event the trustee may revoke the agency.

Settle order and plan on three days' notice.