In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Rehabilitate the NEW YORK TITLE AND MORTGAGE COMPANY.

Supreme Court, New York County, April 25, 1935.

*Harry Rodwin* [*Adolph Kaufman* of counsel], for the Superintendent of Insurance, as rehabilitator of the New York Title and Mortgage Company.

*Simpson, Thacher & Bartlett,* for the committee of certificate holders.

FRANKENTHALER, J. This is a Schackno Act proceeding for the reorganization of series N-69 of guaranteed mortgage certificates issued by the New York Title and Mortgage Company and representing participating interests in a single first mortgage of an unpaid principal amount of $1,450,000 on premises 235–239 Central Park West. The proposed plan calls for the administration of the mortgage by The City Bank-Farmers Trust Company.

For the reasons indicated in connection with the modification of the plan for the reorganization of series N-81 (154 Misc. 865), the method of selecting the trustee will be left to the certificate holders to determine. The plan will accordingly be modified so as to make it conform with the plan for series BX-19, as modified and approved by the court (154 Misc. 447). If the certificate holders, as the counsel for their committee states, prefer the appointment to the election of a trustee, the delay which an election would involve could be eliminated by their expressing that preference. In said event the trustee could be appointed immediately upon ascertaining that the certificate holders favored that method of selecting the trustee. (See *Matter of New York Title & Mortgage Co.* [*49 East 96th St.*], N. Y. L. J. April 23, 1935.)

The testimony at the hearings on the proposed plan of reorganization indicates that the title company, prior to the rehabilitation, used payments received from the owner of the property, which were not earmarked for any specific purpose, to reimburse itself for advances of interest which it had previously made in compliance with its guaranty. No such recoupment was proper while any taxes or water charges were in arrears. (*Matter of People* [*Lawyers Title & Guar. Co.*], 265 N. Y. 20; *Matter of People* [*N. Y. Title & Mortgage Co.*], Id. 30.) The same observation is applicable to a reserve " for recoupment " turned over by the title company to the Superintendent and still retained intact by the latter. These

moneys could be applied to the payment of taxes now in default, thereby avoiding the running of penalties. The trustee to be elected or appointed, as the case may be, should take immediate steps to recover any sums improperly recouped.

Settle order and plan on three days' notice.